Matthew E. Faler (SBN 243067)
8840 Warner Ave., Ste 301
Fountain Valley, CA 92708
PH:  (714) 465-4433
FX:  (714) 842-2288
Email: mfaler@faler-law.com

Attorney for Samira Ghosal and Francis Ghosal

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIRA GHOSAL, an individual, and FRANCIS GHOSAL, an individual<br><br>Plaintiffs,<br><br>v.<br><br>CARRINGTON FORECLOSURE SERVICES, LLC, a limited liability company, DEUTSCHE BANK NATIONAL TRUST CO. AS INDENTURE TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST 2005-1, NEW CENTURY LIQUIDATING TRUST, a corporation, CARRINGTON MORTGAGE SERVICES, LLC, a limited liability company, ATLANTIC & PACIFIC FORECLOSURE SERVICES, a limited liability company, NEW CENTURY MORTGAGE CORPORATION, a corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO:** 14-cv-02110-LAB-BGS<br><br>Hon. Judge Larry Alan Burns<br>Hon. Mag. Judge Bernard G. Skomal<br><br>MEMORANDUM OF POINTS AND AUTHORITIES OF PLAINTIFFS SAMIRA GHOSAL AND FRANCIS GHOSAL OPPOSITION TO DEFENDANTS CARRINGTON FORECLOSURE SERVICES,LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE, and CARRINGTON MORTGAGE SERVICES, LLC MOTION TO DISMISS<br><br>Date: November 10, 2014<br>Time:  11:15 a.m.<br>Ctrm: 14A<br><br>Action Filed:  July 28, 2014<br>Trial Date: N/A |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Carrington Foreclosure Services, LLC ("CFS"), Deutsche Bank National Trust Company as Indenture Trustee ("Deutsche"), and Carrington Mortgage Services ("CMS") filed this instant motion to dismiss on numerous grounds. The general gist of the Motion is that Plaintiffs Samira Ghosal and Francis Ghosal (the "Plaintiffs") Complaint (the "Complaint") fails to allege facts sufficient to state a cause of action.

While, Plaintiffs complaint is not exactly a model clarity, their general argument is that Deutsche was not the beneficiary of Plaintiffs' mortgage loan and therefore was not entitled to conduct a non-judicial foreclosure. A close examination of the complaint will reveal that several viable causes of action exist and to the extent those are deficient, they are curable via amendment.

## II. STATEMENT OF FACTS

The Complaint is about a foreclosure on certain parcel of real property commonly known as 1807 Donahue Dr., El Cajon, CA 92019 (the "Property"). The Property was subject to a Deed of Trust in favor of New Century Mortgage signed on October 11, 2004 (the "Deed of Trust"). The key allegations of the Complaint are made in paragraphs 21 through 28. These allegations allege that the New Century Liquidating Trust did not have any beneficial interest in the Deed of Trust when it purportedly assigned its interest in the Deed of Trust to Deutsche. (Complaint ¶ 21 – 28).

Along those same lines, Plaintiffs allege that any substitution of trustee executed by Deutsche would be void as only the beneficiary can execute a substitution of trustee. (Complaint ¶ 22). The Property was foreclosed upon on February 11, 2014 and title to the Property reverted to Deutsche as foreclosing beneficiary. (Complaint ¶ 26).

## III. LEGAL STANDARD

While a plaintiff's complaint does not need detailed factual allegations, at a minimum a plaintiff must provide the "grounds" of his "entitlement to relief". *Bell Atl.*

*Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  The complaint's factual allegations must exceed a "suspicion" and create a entitlement to legal relief if all facts in the complaint are assumed to be true.  *Id.*

When a court determines whether to allow a plaintiff to amend his or her complaint after the granting of a motion to dismiss it may consider may consider several factors including undue delay, prejudice to the opposing party, futility of the amendment, bad faith and whether plaintiff has previously amended the complaint. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).  There is a strong policy towards the granting of leave to amend especially when the plaintiff has not previously amended his or her complaint and such amendment would not be obviously futile.  *Id. See Gentala v. City of Tucson*, 213 F.3d 1055, 1061 (9th Cir. 2000).

## IV.   <u>PLAINTIFFS HAVE ALLEGED A CAUSE OF ACTION FOR WRONGFUL FORECLOSURE</u>

California Courts have identified the following elements of a claim for wrongful foreclosure: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104 (Cal. Ct. App. 2011).

Several courts have recognized a cause of action for wrongful foreclosure where the plaintiff alleges a specific factual basis that the wrong party initiated the foreclosure. *Gomes v. Countrywide Home Loans*, 192 Cal.App.4th 1149, 1156 (Cal. Ct. App. 2011)[collecting several federal cases]. Courts have generally required plaintiff's to allege "prejudice" that is the foreclosure was caused by defects in the foreclosure process and not the plaintiff's default. *Fontenot v. Wells Fargo, N.A.*, 198 Cal.App.4th 256, 272 (Cal. Ct. App. 2011).

However, the California courts have not specifically addressed whether the prejudice element applies to a "void" sale. In general, the term "void" means a contract is a nullity to all parties affected by it. *See Kellogg v. Howes*, 81 Cal. 170, 178 (1889). In the context of a foreclosure sale by an improper trustee, the sale has been held to be void without reaching the prejudice element. *See Dimock v. Emerald Properties*, 81 Cal.App.4th 868, 878 (Cal. Ct. App. 2000) [holding that since the plaintiff was not relying upon equity to set the sale aside, he was not required to meet any of the burdens].

The tender rule is somewhat related to the element of prejudice. This rule requires that a plaintiff attacking a trustee sale must tender the amount due, otherwise any irregularities in the sale would not have resulted in damages. *See Barrioneuvo v. Chase Bank, N.A.*, 885 F.Supp.2d 964, 969 (N.D. Cal. 2012). One exception to the tender rule is if the sale sought to be set aside was void. *Id.*

Accordingly, in paragraphs 21 through 32 of the Complaint, the Plaintiffs have alleged that none of the defendants had any beneficial interest or right to foreclose on the

Property.  This satisfies the first element of wrongful foreclosure (illegal sale).  This would constitute a void a sale, excusing Plaintiffs from tender.  The prejudice element is not plead, however as stated in *Dimock*, this is only required when equity is being utilized to overturn a sale.  When a sale is void on its face, the requirements of equity should not apply.  Alternatively, the Plaintiffs should have an opportunity to amend the Complaint to allege the prejudice element.

Finally, while it is possible to extract a cognizable cause of action for wrongful foreclosure from the Complaint, it would probably be best if the Court granted Plaintiff's leave to amend the Complaint and provide more specific and complete allegations for wrongful foreclosure.

## V. PLAINTIFFS HAVE ALLEGED A CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA CIVIL CODE 2924.17

On January 1, 2013, several amendments to the non-judicial foreclosure process in California went into effect.  Specifically, Cal. Civil Code 2924.17 was enacted as follows:

> (a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.
>
> (b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

If a defendant commits a material violation of this section, a plaintiff (after a trustee's deed upon sale has been recorded) , the plaintiff may recover actual damages, statutory damages, and attorneys fees.  Civil Code 2924.12.

Here, Plaintiffs allege that the two assignments of deeds of trust purportedly giving Deutsche its interest in the Deed of Trust were false and not true.  This would fall within the "accurate and complete" requirement of 2924.17.  Accordingly, the Plaintiffs have the ability to amend the Complaint to cover this cause of action and request leave to do so.

## VI.   CONCLUSION

As stated above, Plaintiffs can reasonably and in good faith amend the Complaint to state causes of action for Wrongful Foreclosure and violation of California Civil Code 2924.17.  Plaintiffs concede that causes of action 2,5,8, and 9 are not viable and should be dismissed with prejudice.  Plaintiffs request leave to amend the rest of the Complaint as the Complaint has not previously been amended and the above opposition sets out at least two viable causes of action.

DATED: 10/27/14

Matthew E. Faler, Attorney for Plaintiffs